UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GARY R. SELLHORST, ) | |
| ) | Case No. 1:09-CV-214 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CHARLES H. STINE, BRIAN BREWER, ) | |
| BRUCE SMITH, ALICE PAYNE, ) | |
| COWAN CITY POLICE DEPARTMENT, ) | |
| and FRANKLIN COUNTY SHERIFFS ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendants Cowan City Police Department, Alice Payne, and Bruce Smith (collectively "Defendants") (Court File No. 15) and a motion to amend the complaint filed by Plaintiff Gary R. Sellhorst ("Plaintiff") (Court File No. 24). The Court has considered the motions, the supporting memoranda, the responses and the replies.[1] The Court will **GRANT IN PART** and **DENY IN PART** the motion to amend the complaint (Court File No. 24) and will **GRANT IN PART** and **DENY IN PART** the motion to dismiss (Court File No. 15). All claims against Defendant Cowan City Police Department will be **DISMISSED** from the case and Plaintiff may not substitute the City of Cowan for Cowan City Police Department. The Fourth Amendment claim against Defendants Alice Payne and Bruce Smith is also dismissed, although the Fourteenth Amendment claim will proceed and Plaintiff may amend the complaint to specify which

---

[1] The Court will **DENY** Defendants' motion to strike Plaintiff's response to the motion to dismiss as untimely and has consider both Plaintiff's response and Defendants' reply (Court File No. 26). The Court will **GRANT** Plaintiff's motion for an extension of time to reply and has considered the proposed memorandum (Court File No. 27).

defendants are sued in their individual capacities and include additional factual allegations.

I. **RELEVANT FACTS**

According to Plaintiff's complaint, he was a tenant in Cowan, Tennessee, when Defendants Charles Stine, Brian Brewer, Alice Payne, and Bruce Smith, on duty for the Cowan City Police Department and the Franklin County Sheriff's Department, arrived at Plaintiff's residence and evicted him. At the time, Plaintiff had no notice of the eviction. Defendant Brian Brewer arrested Plaintiff when he objected to the eviction. According to Plaintiff, the Cowan City Police Department and the Franklin County Sheriff's Department either have policies or lack policies for evicting persons such as Plaintiff. Plaintiff contends these actions violated state law prohibiting wrongful eviction or detainer, 42 U.S.C. § 1983, and Plaintiff's rights under the Fourth and Fourteenth Amendments.

II. **STANDARD OF REVIEW**

When a party wishes to amend its pleading after a responsive pleading has been filed, it must seek leave of the Court. Fed. R. Civ. P. 15(a). Normally such leave to amend is freely given when justice so requires. *Id*. In deciding whether to permit an amendment, the Court considers:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994) (citations omitted).

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the

complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. DISCUSSION

Defendants seek to dismiss the complaint for failure to state a claim. In response to their procedural arguments, Plaintiff moves to amend the complaint. Plaintiff requests permission to amend the complaint to substitute City of Cowan for Cowan City Police Department, to specify that individuals are being sued in their individual capacities, and to include additional facts. Defendants

argue Plaintiff should not be allowed to substitute City of Cowan for Cowan City Police Department and the amendment should not relate back to the date of the original pleading. For simplicity's sake, the Court will address both motions together and will divide the issues between Alice Payne ("Payne") and Bruce Smith ("Smith"), and Cowan City Police Department ("Cowan").

### A. Alice Payne and Bruce Smith

Plaintiff seeks to amend the complaint against the individual defendants, including Payne and Smith, to clarify the suit against them is in their individual capacities. The Court finds Plaintiff did not unduly delay the filing of the motion to amend the complaint. Furthermore, as to the additional facts and the clarification that certain defendants are sued in their individual capacities, the defendants are not prejudiced. The Court will grant the motion to amend the complaint in part and will allow the amendments relating to factual allegations and individual capacity.

Plaintiff contends Payne and Smith, with other individual defendants, arrived at his residence to evict him. In his proposed amended complaint, he alleges the defendants knew he was a tenant and had no notice of the eviction, yet ordered him to leave the property and did not allow him sufficient time to collect his personal belongings. Plaintiff also asserts there was no emergency or exigent circumstances. He alleges Payne and Smith wrongfully evicted or detained him, they violated 42 U.S.C. § 1983, and violated his Fourth and Fourteenth Amendment rights. Payne and Smith assert qualified immunity and argue Plaintiff has not alleged sufficient facts to infer Payne's and Smith's actions were objectively unreasonable. Thus, the only issue for the motion to dismiss is whether Plaintiff has stated a claim under § 1983 against Payne and Smith.

Section 1983 allows a person to sue to vindicate the deprivation of constitutional rights.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United

> States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To establish liability under § 1983, Plaintiff must demonstrate: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Under the doctrine of qualified immunity, "government officials performing discretionary functions, generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The determination of qualified immunity requires a two-step analysis, and a court may analyze the steps in either order. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The court must determine (1) whether, viewing the facts in the light most favorable to the plaintiff, there was a violation of the plaintiff's constitutional right(s), and (2) whether the right was clearly established to a reasonable person, such that its violation would be objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

An unlawful eviction can violate both the Fourth Amendment and the Fourteenth Amendment to the Constitution. *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (holding the seizure of property violates the Fourth Amendment); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 62 (1993) (holding, absent exigent circumstances, due process entitles a homeowner to notice and an opportunity to be heard before seizure of real property); *Thomas v. Cohen*, 304 F.3d

563, 576 (2002) (finding an illegal eviction clearly violated the plaintiffs' Fourteenth Amendment right to be free from seizures).

In the context of the Fourth Amendment, the law clearly establishes an eviction that includes the physical act of controlling the property is an unlawful seizure. *Revis v. Meldrum*, 489 F.3d 273, 287 (6th Cir. 2007) (finding a violation where the officer had the locks changed, retained a key, and evicted the plaintiff). The facts contained in the complaint, however, do not contain a sufficient basis for the Court to infer Payne and Smith physically seized the property in question. The law regarding whether police participation in an unlawful eviction, without taking control of the property, violates the Fourth Amendment is unsettled. *Thomas*, 304 F.3d at 583 (Gilman, J., dissenting, joined by J. Wallace, constituting the opinion of the court on the issue). Since a reasonable person would be unable to discern whether mere participation in an unlawful eviction, without taking physical control of the property, would violate the Fourth Amendment, Payne and Smith are entitled to qualified immunity as to that claim.

Under the Fourteenth Amendment, due process generally requires notice and a hearing before a tenant can be evicted. *Thomas*, 304 F.3d at 576. Plaintiff alleges he received no notice and had no opportunity to be heard prior to being evicted. He also contends Payne and Smith knew he was a tenant, and thus had a valid possessory interest, and he had not previously been notified. Taking these allegations as true, Plaintiff has stated a claim. In addition, since the right to notice and a hearing prior to deprivation of property is well-established and no exigent circumstances existed, Payne and Smith are not entitled to qualified immunity on the Fourteenth Amendment claim.

As discussed, Payne and Smith are entitled to qualified immunity as to the alleged violation

of the Fourth Amendment and that claim is dismissed. The claim under the Fourteenth Amendment will proceed.

B.     **Cowan City Police Department**

A municipality cannot be held liable under respondeat superior or vicarious liability. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 394-95 (1978). In order for Cowan to be liable under § 1983, Plaintiff must establish (1) agents of Cowan, while acting under the color of state law, (2) violated Plaintiff's constitutional rights, and (3) Cowan's policy or policy of inaction was the moving force behind the violation. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Cowan can be liable under § 1983 if it has an unconstitutional policy or if its failure to adequately train its employees amounts to "deliberate indifference." *City of Canton*, 489 U.S. at 389.

The claims against Cowan fail to state a claim. In both the original complaint and the proposed amended complaint, Plaintiff alleges Cowan's "policy for evicting persons such as Plaintiff, or in the alternative, [its] lack of policy" violated Plaintiff's rights. This is entirely insufficient under the standards delineated in *Iqbal*, 129 S. Ct. at 1950, and *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The only allegation against Cowan is this blanket assertion, which shows no entitlement to relief. *Id.* n.3. Thus, Plaintiff has failed to state a claim against Cowan and the motion to dismiss will be granted as pertains to these claims. Since any amendment substituting the City of Cowan for Cowan City Police Department would be futile, the motion to amend the

complaint is denied as to Cowan.

IV. **CONCLUSION**

Both the motion to dismiss the complaint (Court File No. 15) and the motion to amend the complaint (Court File No. 24) will be **GRANTED IN PART** and **DENIED IN PART**. Since the law is not clearly established concerning alleged violations of the Fourth Amendment where the police officers do not physically seize the property, Payne and Smith are entitled to qualified immunity and the Fourth Amendment claims against them will be dismissed. The claims under the Fourteenth Amendment will proceed. As discussed above, the complaint fails to state a claim against Cowan and all claims against Cowan will be dismissed. Plaintiff will be allowed to amend his complaint to specify the police officers are sued in their individual capacities and to add additional facts. The substitution of the City of Cowan for Cowan City Police Department would be futile and will be denied.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**